PRATHER, Justice,
for the Court:
I. INTRODUCTION
This case involves an appeal of the conviction of Sue Marshall in the Pike County Circuit Court on the charge of unlawful possession of more than one ounce of marijuana with the intent to distribute. Marshall contends that her conviction should be reversed because the evidence used against her was derivative of an unlawful search and seizure. In other words, marijuana and other evidence seized by officers constituted inadmissible “fruit of the poisonous tree.” Established constitutional law supports Marshall’s contention and requires reversal of her conviction.

A.

The trial commenced on October 27, 1989. Testimony revealed that on August 19, 1988, Marshall checked into the Continental Motel in McComb, Mississippi. She rented room 107 for two days — Friday and Saturday. On Sunday, the motel owner-operator cleaned Marshall’s room; Marshall was not in the room at the time and had not yet checked out. While cleaning, the owner-operator discovered hidden in a trash can a plastic bag containing a tobacco-like substance. The owner-operator called the police, and Officers James Coward and Mike Maldonado of the McComb Police Department responded.
The officers conducted a warrantless search of room 107 and seized the tobacco-like substance which was identified as marijuana. The search and seizure led the officers to set up a surveillance, during which time Marshall and her boyfriend drove into the motel parking lot in a pickup truck followed by another vehicle driven by her brother. While her boyfriend and brother waited in the vehicles, Marshall twice entered and exited room 107 with bundles of clothing and other items which she carried to the pickup truck parked nearby. As Marshall loaded a bundle into the truck, the officers approached and asked her boyfriend and brother to step out of the vehicles. At that point, Marshall dropped a bundle of clothes from which the officers seized a bag of marijuana.[1] The officers then arrested Marshall.

B.

During the trial, Marshall objected to the admissibility of all evidence which the offi *438 cers seized. She contended: (1) that the search of the room was unlawful because the officers failed to obtain a warrant, and (2) that any evidence derivative of the unlawful search should be deemed inadmissible “fruit of the poisonous tree.” The trial judge agreed in part; he excluded the evidence seized in the room but allowed the evidence seized thereafter.
On the basis of this evidence, the jury found Marshall guilty of unlawful possession of more than one ounce of marijuana with the intent to distribute. The judge sentenced Marshall to an eight-year prison term and imposed a $5,000 fine.
Marshall appealed and presented several issues for this Court’s disposition. Only one issue is reached:

Whether the trial judge erred in failing to exclude all the evidence which was derivative of the unlawful search of room 107?

II. ANALYSIS
In this appeal, no one disputes that the trial judge properly excluded the evidence seized during the warrantless search of room 107 in violation of the Fourth Amendment. The dispute is whether the marijuana seized thereafter constituted inadmissible derivative evidence of the unlawful search of room 107. Restated — does the marijuana seized from the bundle of clothes constitute “fruit of the poisonous tree?”

A.

The “fruit of the poisonous tree” doctrine — also known as the exclusionary rule — “prohibits introduction into evidence of tangible materials seized during an unlawful search.” Murray v. United States, 487 U.S. 533, 536, 108 S.Ct. 2529, 2532, 101 L.Ed.2d 472, 480 (1988) (citing Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914)). The doctrine prohibits “testimony concerning knowledge acquired during an unlawful search.” Id. (citing Silverman v. United States, 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734 (1961)). Of critical import to this case, the doctrine “prohibits the introduction of derivative evidence, both tangible and testimonial, that is, the product of the primary evidence, or that is otherwise acquired as a result of the unlawful search, up to the point at which the connection becomes ‘so attenuated as to dissipate the taint.’ ” Id. (citing Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939) (emphasis added); see also Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Exceptions to the “fruit of the poisonous tree” doctrine have been carved by the United States Supreme Court. See, e.g., Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920) (“independent source” exception); Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984) (“inevitable discovery” exception).

B.

Applying the law to the facts, this Court has no choice but to conclude that the marijuana seized from the bundle of clothes was derivative of information or leads obtained through the unlawful search of room 107 and, therefore, should have been excluded. Restated, the marijuana (and other evidence) constituted inadmissible “fruit of the poisonous tree.” Perusal of doctrinal exceptions leads this Court to conclude that none are applicable.
In sum, the trial judge’s failure to exclude this evidence requires reversal. Accord United States v. Beck, 602 F.2d 726, 727-30 (5th Cir.1979); United States v. Freitas, 610 F.Supp. 1560, 1571-73 (N.D.Cal.1985); United States v. Foster, 566 F.Supp. 1403, 1410-14 (D.C.D.C.1983).
III. CONCLUSION
The evidence seized subsequent to the unlawful search of room 107 room constituted “fruit of the poisonous tree” and should have been excluded. The conviction is therefore reversed, and the case is remanded for proceedings consistent with this opinion.
*439 REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., and HAWKINS- and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.

. The officers also seized other evidence: cash totalling $724.60, food stamps totalling $15.00, two packs of cigarette rolling papers, and a box of manila coin envelopes.