FAIR, J.,
for the Court:
¶ 1. On August 2, 2010, the County Court of Madison County found Aaron Carlson guilty of careless driving and driving under the influence, first offense. Carlson appealed his DUI conviction to the Madison County Circuit Court, which affirmed. Carlson now further appeals his DUI conviction and makes the following contentions: (1) the circuit court erred in affirming his conviction after the appellee’s brief was struck; (2) the City of Ridgeland failed to prove beyond a reasonable doubt that he was under the influence of alcohol the night in question; and (3) the county court judge evinced bias against him. Finding no error, we affirm the judgment of the circuit court.
FACTS
¶ 2. On February 5, 2010, Carlson and a coworker went out for dinner after their shift at work. The pair arrived at the Bulldog restaurant in Jackson around 11:00 p.m., but the restaurant’s kitchen had closed for the evening, and food was no longer being served. Instead of remaining at the Bulldog, Carlson and his coworker went next door to the Electric Cowboy, where they had several drinks. Eventually, Carlson claimed that he did not feel well, and the two men paid their bill and left the Electric Cowboy around 2:00 a.m. The pair drove north on Ridge-wood Road and turned west onto County Line Road. In the process, Carlson struck the concrete lane divider with his driver’s side front tire.
¶ 3. Officer Stephen Webb of the Ridge-land Police Department was in his patrol car facing westbound at the intersection, stopped at the light. He witnessed a vehicle strike the concrete lane divider. Officer Webb activated his lights and siren and stopped the vehicle. As Webb approached the vehicle, the driver’s door opened and the officer noticed a strong smell of alcohol. The driver provided Officer Webb with his driver’s license, which identified him as Aaron Carlson.
¶ 4. Officer Webb asked Carlson if he had been drinking that evening. Carlson responded by asking to speak in private with Officer Webb. They went to the rear of the vehicle where Carlson stated that he “didn’t need this.” Officer Webb then ad *1222 ministered a series of field sobriety tests on Carlson. On the horizontal gaze nys-tagmus test, Officer Webb detected six out of six indications that Carlson was under the influence and impaired. On the walk and turn test, Officer Webb detected three out of eight indications. However, Officer Webb did not have a line on the ground for Carlson to walk along and instead used an imaginary line. Finally, on the one-leg stand test, Officer Webb observed four out of four indications.
¶ 5. Officer Webb placed Carlson under arrest and transported him to the Ridge-land Police Department. Carlson was placed under observation for the requisite twenty minutes before entering the Intoxi-lyzer room. While Officer Webb entered Carlson’s information into the Intoxilyzer machine, Carlson fell backwards off the stool and struck his head on the wall behind him. Carlson then began to scream and convulse in what he claims was a seizure. Officers restrained Carlson to prevent him from further injuring himself, and they called for medical personnel to assist. Carlson was taken to the University Medical Center for evaluation.
¶ 6. At the trial de novo before the County Court of Madison County, the judge concluded that there was sufficient evidence to support a conviction for “common law DUI” under Mississippi Code Annotated section 63 — 11—30(l)(a) (Supp.2012), wherein Carlson was too impaired to safely operate a motor vehicle. Additionally, the county court judge found Carlson’s condition that evening resulted from consuming alcohol and was not the product of any alleged medical condition. As such, Carlson was convicted of DUI, first offense. Carlson appealed this conviction to the Circuit Court of Madison County. The circuit court affirmed Carlson’s DUI conviction. Carlson now further appeals.
STANDARD OF REVIEW
¶ 7. The City of Ridgeland failed to file an appellee’s brief with this Court. As such, the appropriate standard of review comes from Chatman v. State, 761 So.2d 851, 854 (¶ 9) (Miss.2000) (internal citation omitted): “An appellee’s failure to file a brief on appeal is tantamount to confession of the errors alleged by the appellant. However, automatic reversal is not required if this Court can say with confidence that the case should be affirmed.”
DISCUSSION
¶ 8. The City’s failure to file a brief is troubling. More disturbing still is the fact that this does not appear to be an isolated incident.[1] Instead, there is a pattern of conduct by the City of Ridgeland that places this Court in a precarious position of potentially acting as an advocate for the City. While the case at bar warrants affirming Carlson’s conviction, the City must perform its duties in the future.
1. Motion to Strike the City’s Trial Brief
¶ 9. Carlson filed an appeal of his DUI conviction from the County Court of Madison County on September 1, 2010. The circuit court judge entered a sua sponte order on March 15, 2011, notifying the City of its deficiency in filing a responsive brief. The City then did not file within the fourteen-day period allowed. On December 29, 2011, and January 20, 2012, the trial court entered sua sponte orders for the City to appear and show cause for failure to file its brief. The City *1223 finally filed an appellee’s brief on January 31, 2012. Shortly thereafter, Carlson filed a motion to strike the brief as untimely. The circuit court considered Carlson’s motion and granted it, but the court did not reverse his conviction. Carlson contends this was error.
¶ 10. This case is distinguishable from its companions in that the circuit court never entered a proper order threatening to dismiss the prosecution if a brief was not filed. Instead, the circuit court’s sua sponte order dated March 15, 2011, states, in part:
It is further ordered and adjudged that if appellee fails to file a brief within fourteen (14) days after notification of such deficiency, this cause shall be dismissed, and further that pursuant to [Mississippi Rule of Appellate Procedure] 2(a)(2) a motion for additional time in which to file a brief will not be entertained.
This order does not indicate that the conviction that is the subject of the appeal will be reversed should the appellee fail to file a brief within the fourteen-day period, as did the orders in the other two cases. Rather, by reference to Mississippi Rule of Appellate Procedure 2(a)(2), the order appears to state that the appeal will be dismissed. If this order is found to have effectively dismissed the appeal on or about March 29, 2011, it would reward the City for its failure to perform its duties in prosecuting a criminal appeal.
¶ 11. A reviewing court may affirm the findings of a lower court despite the failure of the appellee to file a brief, if the judgment or conviction can be affirmed with confidence. Chatman, 761 So.2d at 854 (¶ 9). The circuit court’s striking of the City’s brief as untimely has the same effect as the City not filing an appellee’s brief at all. The standard of review does not change, and Chatman applies. The circuit court was not required to automatically reverse Carlson’s conviction if it could affirm the conviction with confidence, which it did. Finding that the circuit court applied the correct standard of review, we find no merit in Carlson’s argument that his conviction should have been reversed because the brief was struck.
2. Sufficiency of the Evidence
¶ 12. Next, Carlson argues the City failed to prove, beyond a reasonable doubt, that he was under the influence of alcohol such that he could not safely operate a motor vehicle under section 63-ll-30(l)(a). Carlson further contends that his impairment on the night in question was the result of a medical condition that manifested itself in a seizure. The county court judge, sitting without a jury at a trial de novo, did not find Carlson’s claim credible and found that the City proved he was driving under the influence beyond a reasonable doubt.
¶ 13. “In a bench trial, the trial judge is ‘the jury’ for all purposes of resolving issues of fact.” Doolie v. State, 856 So.2d 669, 671 (¶ 7) (Miss.Ct.App.2003). As such, a “judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor, and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence.” Id. (quotation omitted).
¶ 14. As for determining whether the evidence the county court judge based his decision upon was sufficient, “the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (quoting Jackson v. Virginia, 443 *1224 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
¶ 15. During the county court trial, Carlson admitted the Electric Cowboy does not serve food and that, while there, he consumed two to three beers. Officer Webb also testified that after he pulled Carlson over, Carlson admitted he probably should not have been driving. In addition, Carlson’s performance on the field sobriety tests administered by Officer Webb suggested he was impaired. Finally, a video of Carlson, while at the Ridge-land Police Department waiting to take the Intoxilyzer breath exam, depicts Carlson as unsteady, eventually losing his balance and falling off the stool at the examination table.
¶ 16. Carlson contended at trial that he had a seizure while waiting to take the Intoxilyzer test. However, he offered no medical testimony to that effect, nor did he present any evidence of a medical condition. His testimony was only that while at the Electric Cowboy, he started to feel “loopy,” “dizzy,” and as if “the walls were coming on [him].”
¶ 17. Given the above evidence, a reasonable trier of fact could have found the essential elements of DUI, first offense, under section 63-ll-30(l)(a), as the county court did. Since there was substantial, credible, and reasonable evidence, we affirm the conviction.
3. Judicial Bias
¶ 18. Finally, Carlson contends that the county court judge evinced bias against him by disregarding his defense in its entirety. Carlson also claims that the county court judge demonstrated bias by asking defense counsel, “why are we here?” several times and asking whether Carlson had any evidence of his alleged medical condition. “This Court presumes that a judge, sworn to administer impartial justice, is qualified and unbiased.” Hathcock v. State. Farm Bureau Cas. Ins. Co., 912 So.2d 844, 848 (¶ 9) (Miss.2005) (citation omitted). “This presumption is overcome only by showing beyond a reasonable doubt that the judge was biased or unqualified.” Id.
¶ 19. The following exchange allegedly demonstrated bias:
The Court: Why are we here?
Mr. Camp: Because we did an appeal from the City of Ridgeland on a de novo review basis and we basically— we presented evidence to the Court—
The Court: No, I understand that. What’s your defense?
Mr. Camp: My defense is that he was having a seizure at the time. And that at that time, that some of the signs and symptoms that were observed either by the officer, or if the Court sees them, could be because he was in the process of starting his seizure, which you saw, which he was twitching on the ground there, Your Honor.
The Court: Where’s the medical proof that a seizure occurred?
Mr. Camp: I’m sorry, Your Honor?
The Court: Where is the medical proof that a seizure occurred?
Mr. Camp: My — well, I think you see it from the video. I thought it was pretty plain that he was having a seizure on the video.
The Court: How do I know I’m not dealing with a drunk who wanted to fight the cops?
The Court: All he did was drive 15 miles from Pearl to the Bulldog in hopes of finding food and their kitchen was closed, so he walked next door to the Electric Cowboy and, by his testimony, he had three beers on an empty stomach.
*1225 Mr. Camp: Uh-huh. And we also provided the Court with the receipt of how much he had spent, which was $18.
The Court: Okay. I’ve got an admission of drinking.
Mr. Camp: Uh-huh.
The Court: The careless driving testimony is pretty solid.
Mr. Camp: Uh-huh.
The Court: So why are we here?
Mr. Camp: I guess I’m not understanding you. Our understanding is he has been accused of a crime, and we’ve presented evidence to show that it didn’t occur. And we were asking for the Court to find him not guilty is what we’re—
The Court: Okay. All right. On the DUI first I’m going to order him to enroll in and successfully complete the next available session of the MASEP class....
¶ 20. This exchange is the only evidence offered by Carlson in support of his argument that the county court judge was biased and failed to consider his defense in its entirety. Carlson’s argument is simply without merit. This exchange is clearly insufficient to prove beyond a reasonable doubt that the judge was biased against Carlson. In fact, it does not even contain any indications of bias; it is merely an inquiry as to what evidence of Carlson’s alleged medical condition the defense had to offer. “[A] trial judge will not be found to be biased just because a defendant does not agree with a judge’s ruling.” Brandon v. State, 108 So.3d 999, 1006 (¶ 19) (Miss.Ct.App.2013) (citation omitted).
¶21. The court here determined that the City met its burden of proof concerning Carlson’s DUI conviction. Carlson admitted he had been drinking, and he presented only the video of what he alleged was a seizure, without any other support. The fact that the trial judge did not accept Carlson’s claim of an unspecified medical condition is not grounds for finding bias.
CONCLUSION
¶22. Applying the appropriate standard of review to Carlson’s conviction, this Court finds no merit in Carlson’s assignments of error and concludes that his conviction for DUI, first offense, can be affirmed with confidence.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS IN THE CUSTODY OF THE MADISON COUNTY SHERIFF’S DEPARTMENT AND A $1,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, MAXWELL AND JAMES, JJ., CONCUR. IRVING, P.J., AND BARNES, J., CONCUR IN PART AND IN THE RESULT. CARLTON, J., NOT PARTICIPATING.

. Two other cases where the City of Ridge-land failed to file an appellee's brief have recently been before this Court. They are Lobo v. City of Ridgeland, _ So.3d _ (Miss.Ct.App.2013); and Drabicki v. City of Ridgeland, 130 So.3d 113 (Miss.Ct.App.2013).