# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KM-01807-COA

TRACY WOODS A/K/A TRACY A. WOODS                    APPELLANT
A/K/A TRACY ALAN WOODS

v.

STATE OF MISSISSIPPI                                               APPELLEE


| | |
|---|---|
| DATE OF JUDGMENT: | 11/24/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | KEVIN DALE CAMP |
| | JARED KEITH TOMLINSON |
| ATTORNEY FOR APPELLEE: | NONE |
| CITY PROSECUTOR: | BOTY MCDONALD |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| TRIAL COURT DISPOSITION: | AFFIRMED CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND FAILURE TO SIGNAL, AND SENTENCE TO SERVE FORTY-EIGHT HOURS IN THE CUSTODY OF THE SHERIFF OF MADISON COUNTY, TO SUCCESSFULLY COMPLETE TWO YEARS' PROBATION AND THE MISSISSIPPI ALCOHOL SAFETY EDUCATION PROGRAM, AND TO PAY A $950 FINE |
| DISPOSITION: | AFFIRMED - 09/29/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., MAXWELL AND FAIR, JJ.**

**MAXWELL, J., FOR THE COURT:**

¶1.     The Fourth Amendment protects individuals from unreasonable searches and

seizures—including unreasonable traffic stops.  But a traffic stop is reasonable when the

officer had probable cause to believe a traffic violation occurred. Here, the officer saw Tracy Woods fail to make the required signal to nearby vehicles when making an abrupt right turn into a gas station.[1] So the officer had probable cause to believe Woods committed a traffic violation.

¶2. Because the traffic stop—which led to Woods's arrest for driving under the influence—was reasonable, Woods's argument that evidence gathered following the stop should be excluded based on the Fourth Amendment fails. This evidence showed Woods's blood-alcohol level was over twice the legal limit to drive. Finding no error, we affirm his conviction of first-offense DUI and failure to signal.

**Background Facts and Procedural History**

### I. Traffic Stop

¶3. On the night of November 21, 2011, Woods turned left off Lake Harbor Drive onto Old Canton Road in Ridgeland, Mississippi. Ridgeland Police Officer Ryan Ainsworth saw Woods veer out of his lane when making the left turn. Woods then made a sharp right into a gas station without signaling. Officer Ainsworth pulled into the gas station behind Woods.

¶4. When he asked Woods for his license and registration, Officer Ainsworth smelled alcohol and noticed Woods's eyes were glassy. Officer Ainsworth asked Woods if he had been drinking. Woods said he had consumed two beers that night.

¶5. After conducting field sobriety tests, which gave some indication Woods was

---

[1] *See* Miss. Code Ann. § 63-3-707 (Rev. 2013).

impaired, Officer Ainsworth transported Woods to the Ridgeland Police Station. Once there, Woods took a breath test. This test showed his blood-alcohol level was .18%—more than twice the legal limit to drive. *See* Miss. Code Ann. § 63-11-30(1)(d)(i) (Supp. 2014).

## II.    Convictions and Appeals

¶6.    Woods was charged with driving under the influence, first offense, and failure to signal. Miss. Code Ann. § 63-11-30(1)(d)(i); Miss. Code Ann. § 63-3-707 (Rev. 2013). He pled nolo contendere in municipal court. He then appealed to the County Court of Madison County, which tried the two charges de novo. He was convicted again. And he appealed again to the Circuit Court of Madison County, which affirmed.

¶7.    Woods next appealed to this court.

## Discussion

¶8.    On appeal, Woods argues for the first time the officer who pulled him over lacked probable cause to do so, making the evidence against him inadmissible.

¶9.    No one has appeared or filed a brief on behalf of the State as the appellee.[2] "An

---

[2] By statute, Woods's misdemeanors committed within the city limits of Ridgeland were "criminal offenses against the municipality." Miss. Code Ann. § 21-13-19 (Rev. 2007). So the city prosecutor represented the City of Ridgeland in municipal, county, and circuit court. But the prosecutor for the City of Ridgeland has a history of not filing briefs on behalf of the city once a DUI conviction reaches this court. *E.g.*, *Carlson v. City of Ridgeland*, 131 So. 3d 1220, 1222 (¶8) (Miss. Ct. App. 2013) (citing *Lobo v. City of Ridgeland*, 135 So. 3d 148 (Miss. Ct. App. 2013); *Drabicki v. City of Ridgeland*, 130 So. 3d 113 (Miss. Ct. App. 2013)).

In light of the Mississippi Supreme Court's opinion *Cook v. State*, 159 So. 3d 534 (Miss. 2015), however, we are reluctant in this case to chastise the city prosecutor for not filing a notice of appearance or a brief in this appeal. In *Cook*, the supreme court changed

appellee's failure to file a brief on appeal is tantamount to confession of the errors alleged by the appellant." *Carlson v. City of Ridgeland*, 131 So. 3d 1220, 1222 (¶7) (Miss. Ct. App. 2013) (quoting *Chatman v. State*, 761 So. 2d 851, 854 (¶9) (Miss. 2000)). That said, "automatic reversal is not required if this Court can say with confidence that the case should be affirmed." *Id.*

¶10.    Here, we can say with confidence Woods's conviction should be affirmed. Woods failed to challenge the validity of the traffic stop at the trial level. He neither filed a motion to suppress nor otherwise objected to any evidence on Fourth Amendment grounds. Nor

---

the name of the appellee from "Rankin County" to "State of Mississippi" to bring the style of the case into "compliance with the Mississippi Constitution." *Cook*, 159 So. 3d at 534 n.1. According to the supreme court, naming "Rankin County" as the appellee did "not comport with the mandate of Article 6, Section 169, of the Mississippi Constitution, that 'all prosecutions shall be carried on in the name and by the authority of the 'State of Mississippi.'" *Cook*, 159 So. 3d at 534 n.1 (quoting Miss. Const. art. 6, § 169).

     Since *Cook*, the styles of appeals of municipal misdemeanors have been changed. So in this case, what started out as *Woods v. City of Ridgeland* has been changed to *Woods v. State of Mississippi*. While such a change may bring the style into "compliance with the Mississippi Constitution," *Cook*, 159 So. 3d at 534 n.1, it does create a question as to *who* must represent the appellee. The Ridgeland city prosecutor does not represent the State of Mississippi. Rather, the attorney general has been tasked with the responsibility to appear on behalf of the State when it is a party to an appeal before either the supreme court or this court. *See* Miss. Code Ann. § 7-5-29 (Rev. 2014). So if the appellee is the State, then it would appear  the attorney general, not the city prosecutor, has to file the appellee's brief.

     But the attorney general's office has never represented the appellee when a municipal misdemeanor has been appealed to the supreme court. And the head of its criminal division has taken the position that the appellee here remains the City of Ridgeland, which is represented by the city prosecutor. While we are inclined to agree, we do find it difficult to reconcile this position with *Cook*'s constitutional mandate that all crimes must be prosecuted in the name and authority of the State. And we welcome guidance by the supreme court on the ramifications, if any, of its direction to change the name of the appellee from the "City of Ridgeland" to the "State of Mississippi."

4

does he claim on appeal that the evidence was admitted in plain error. So the only issue he raises on appeal is procedurally barred. *See Lawrence v. State*, 124 So. 3d 91, 95 (¶10) (Miss. Ct. App. 2013).

¶11.    But even without the bar, his lack-of-probable-cause argument lacks merit, because there was no Fourth Amendment violation warranting suppression.

### I.    *Probable-Cause Requirement*

¶12.    The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV; *see also* Miss. Const. art. 3, § 23. And the "fruit of the poisonous tree" doctrine protects against Fourth Amendment violations. Under this exclusionary rule, any tangible evidence obtained incident to an unlawful search or seizure is inadmissible. *Marshall v. State*, 584 So. 2d 437, 438 (Miss. 1991) (citing *Murray v. United States*, 487 U.S. 533, 536 (1988)); *Powell v. State*, 824 So. 2d 661, 667 (¶27) (Miss. Ct. App. 2002). Traffic stops are Fourth Amendment "seizures." *Tate v. State*, 946 So. 2d 376, 382 (¶17) (Miss. Ct. App. 2006) (citing *United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003)). So if Woods's traffic stop was unreasonable under the Fourth Amendment, then the evidence obtained as a result of the stop would be subject to the exclusionary rule.

¶13.    But Woods's traffic stop was not unreasonable. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). And here, Officer Ainsworth testified he believed Woods had violated section 63-3-707 when he made

5

a right turn—just after going through a major intersection—without signaling he was doing so.[3]

## II. Signal Requirement

¶14. "Section 63-3-707 requires a driver turning right or left to give a continuous signal for a reasonable distance before turning in the event any other vehicle may be affected by such movement." *Melton v. State*, 118 So. 3d 605, 609 (¶13) (Miss. Ct. App. 2012). Woods tries to argue he did not violate section 63-3-707 because Officer Ainsworth never testified any other driver was *actually affected* by Woods's signal-less turn. But like in *Melton*, we reject such a narrow interpretation section 63-3-707's signal requirement. *See id.* Section 63-3-707 clearly requires a signal when other vehicles *may* be affected by a turn—"even when no accident is likely to occur as the result of the driver's failure to give a proper signal." *Melton*, 118 So. 3d at 609 (¶13). So Officer Ainsworth did not have to observe a near-collision in order to have probable cause to believe Woods violated section 63-3-707. *Cf. Melton*, 118 So. 3d at 609 (¶13). Moreover, Woods was actually cited and convicted after

---

[3] Under section 63-3-707:

No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement or after giving an appropriate signal in the manner provided in this article in the event any other vehicle may be affected by such movement.

A signal of intention to turn right or left shall be given continuously for a reasonable distance before turning.

a de novo trial of violating 63-3-707.  And on appeal, he makes no claim that the evidence was insufficient to support this conviction.

**Conclusion**

¶15.    Whether there was probable cause to make a traffic stop is an objective test based on the totality of the circumstances.  *Mosley v. State*, 89 So. 3d 41, 46 (¶14) (Miss. Ct. App. 2011) (citations omitted).  And here, the circumstances supported Officer Ainsworth having an objective, reasonable basis to believe Woods violated section 63-3-707 by turning without giving the proper signal.  Thus, the traffic stop was reasonable, meaning the exclusionary rule would not have applied, even had Woods filed a motion to suppress.

¶16.    Because the evidence gathered supported not only Woods's failure-to-signal citation but also his first-offense driving-under-the-influence conviction, we affirm.

¶17.    **THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY AFFIRMING THE CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND FAILURE TO SIGNAL, AND SENTENCE TO SERVE FORTY-EIGHT HOURS IN THE CUSTODY OF THE SHERIFF OF MADISON COUNTY, TO SUCCESSFULLY COMPLETE TWO YEARS' PROBATION AND THE MISSISSIPPI ALCOHOL SAFETY EDUCATION PROGRAM, AND TO PAY A $950 FINE IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.**