# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-00370-COA

**KEITH LEON JOHNSON A/K/A KEITH L.**          **APPELLANT**
**JOHNSON A/K/A KEITH JOHNSON**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/16/2015 |
| TRIAL JUDGE: | HON. VERNON R. COTTEN |
| COURT FROM WHICH APPEALED: | NEWTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY:  MOLLIE MARIE MCMILLIN |
| | GEORGE T. HOLMES |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  ABBIE EASON KOONCE |
| | JASON L. DAVIS |
| DISTRICT ATTORNEY: | MARK SHELDON DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF FELONY FAILING TO STOP A MOTOR VEHICLE PURSUANT TO THE SIGNAL OF A LAW-ENFORCEMENT OFFICER AND SENTENCED AS A HABITUAL OFFENDER TO FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, AND TO PAY A FINE OF $3,000 |
| DISPOSITION: | AFFIRMED - 02/28/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     This is an appeal from Newton County Circuit Court where Keith Leon Johnson was

convicted of felony fleeing in a motor vehicle from a law-enforcement officer and sentenced as a habitual offender to five years' incarceration with the Mississippi Department of Corrections (MDOC), without the possibility of early release. On appeal, Johnson asserts the circuit court erred in finding there was probable cause for the stop and in denying his lesser-included-offense jury instruction on reckless driving. Finding no error, we affirm.

**FACTS AND PROCEEDINGS BELOW**

¶2.     On Monday, June 2, 2014, at approximately 1:40 p.m., Officer Clay Garvin of the Decatur Police Department initiated a traffic stop of a vehicle for failing to signal a turn.[1] After the vehicle came to a complete stop, Officer Garvin approached, and the driver identified himself as Johnson. While Johnson was retrieving his proof of insurance[2] and transcribing his social-security number,[3] Officer Garvin observed what appeared to be a box of alcohol and a white powdery substance in the back seat of Johnson's vehicle. Officer Garvin asked Johnson if the box contained alcohol, and Johnson confirmed that it did. Officer Garvin asked what the white powdery substance was on his back seat and Johnson stated that it was baby powder. Officer Johnson returned to his patrol car to verify Johnson's

---

[1] Officer Garvin first noticed Johnson's vehicle moments prior when Johnson came to a complete stop in the middle of an intersection with no stop sign or stoplight and again when Johnson made an unsignaled turn at an intersection, all prior to the turn for which Officer Garvin stopped Johnson. Both Johnson and Officer Garvin testified that there was traffic present at the intersection and that Johnson was turning onto a state highway.

[2] Johnson's proof of insurance was expired; he did not have a current proof of insurance readily available.

[3] Johnson stated that his driver's license was in his "church pants" and not readily available. Johnson gave Officer Garvin his social-security number as an alternative form of identification.

information, check the vehicle's registration, and request backup.

¶3. After confirming Johnson's information and backup had arrived, Officer Garvin returned to Johnson's vehicle. He informed Johnson that it was illegal to possess alcohol in Newton County as it is a dry county and that he suspected Johnson of possessing illegal narcotics based on the white powder across Johnson's back seat and because he had previously arrested Johnson for cocaine. Officer Garvin requested that Johnson step out of the vehicle. As Officer Garvin was attempting to open Johnson's driver door, Johnson fled from the officers on scene, and Officer Garvin and other law-enforcement officers gave chase to Johnson as he exceeded 120 miles per hour through traffic, crossing a double-yellow line multiple times. Shortly after, Johnson abandoned his attempted flight, stopped his vehicle, and was arrested.

¶4. On September 29, 2014, Johnson was indicted as a habitual offender on one count of fleeing in a motor vehicle from a law-enforcement officer in violation of Mississippi Code Annotated section 97-9-72(2) (Rev. 2014). On December 16, 2015, a jury trial was held, and Johnson was found guilty and sentenced as a habitual offender to five years' incarceration in the custody of the MDOC. Johnson moved for a judgment notwithstanding the verdict or, in the alternative, a new trial, which was denied. Johnson appeals to this Court.

## DISCUSSION

¶5. On appeal, Johnson asserts the circuit court erred because (1) Officer Garvin had no probable cause for his stop of Johnson, and (2) it denied his lesser-included-offense instruction when the evidence supported a conviction of the lesser-included offense of

3

reckless driving.[4]

### I.    Probable Cause

¶6.    Johnson asserts that Officer Garvin lacked probable cause to stop him. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Woods v. State*, 175 So. 3d 579, 581 (¶13) (Miss. Ct. App. 2015) (citing *Whren v. United States*, 517 U.S. 806, 810 (1996)). "Section 63-3-707 requires [that] a driver turning right or left give a continuous signal for a reasonable distance before turning in the event any other vehicle may be affected[.]" *Woods*, 175 So. 3d at 582 (¶14) (citing *Melton v. State*, 118 So. 3d 605, 609 (¶13) (Miss. Ct. App. 2012)); *see also* Miss. Code Ann. § 63-3-707 (Rev. 2013). "Section 63-7-707 clearly requires a signal when other vehicles *may* be affected by a turn—even when no accident is likely to occur as the result of the driver's failure to give a proper signal." *Woods*, 175 So. 3d at 582 (¶14) (citing *Melton*, 118 So. 3d at 609 (¶13)). It is well settled that a police officer personally observing a traffic violation is sufficient to meet the requisite cause for a stop. *See Mosley v. State*, 89 So. 3d 41, 46 (¶¶16-17) (Miss. Ct. App. 2011).

¶7.    Here, Officer Garvin testified that he personally observed Johnson make a right turn onto a state highway without signaling while traffic was present, a traffic violation. Johnson admitted to the same at trial. Thus, we find this issue is without merit.

### II.    Denial of Johnson's Jury Instruction

---

[4] Though Johnson asserts only that the circuit court erred in denying his lesser-included-offense instruction, we are unable to properly address that assertion without also addressing his assertion that Officer Garvin lacked probable cause for the initial stop and that the evidence supported a lesser-included-offense instruction of reckless driving.

¶8. Johnson asserts that the circuit court erred in denying his lesser-included-offense instruction because the evidence purportedly supported a conviction on a lesser-included offense of reckless driving.

¶9. The Court applies an abuse-of-discretion standard to jury instructions. *Reith v. State*, 135 So. 3d 862, 864 (¶4) (Miss. 2014). Jury instructions are read as a whole, with no one instruction being read alone or taken out of context. *Id*. at 865 (¶4). "When read together, if the jury instructions fairly state the law of the case and create no injustice, then no reversible error will be found." *Id*. A lesser-included-offense instruction is warranted where a rational or reasonable jury could find, from the evidence presented, that the defendant was not guilty of the principal offense charged in the indictment, but guilty of the lesser-included offense. *Downs v. State*, 962 So. 2d 1255, 1261 (¶¶27-28) (Miss. 2007) (citing *Green v. State*, 631 So. 2d 167, 173 (Miss. 1994)). For an offense to be a lesser-included one of the offense charged, all elements of the lesser offense must be included in the greater offense. *Hye v. State*, 162 So. 3d 750, 754 (¶8) (Miss. 2015).

¶10. The crime of failing to yield to a law-enforcement officer requires the following: (1) a driver of a motor vehicle to be given a signal directing the driver to stop; (2) a law-enforcement officer acting in the lawful performance of his duty and with reasonable suspicion to believe that the driver has committed a crime; and (3) the driver to willfully fail to obey the law-enforcement officer's direction. Miss. Code Ann. § 97-9-72(1) (Rev. 2014). A person commits reckless driving when he operates a motor vehicle in a manner indicating "either a willful or wanton disregard for the safety of persons or property." Miss. Code Ann.

§ 63-3-1201 (Rev. 2013). It is clear that no element of the crime of reckless driving is included in the crime of fleeing a law-enforcement officer; thus, it is not a lesser-included offense. The Mississippi Supreme Court has explicitly rejected the authorization of lesser-nonincluded-offense instructions. *Hye*, 162 So. 3d at 764 (¶39).

¶11.    Here, Johnson was charged with failing to yield to a law-enforcement officer as a felony, and no other crime. Thus, because reckless driving is not a lesser-included offense of fleeing a law-enforcement officer, Johnson was not charged with reckless driving, and lesser-nonincluded-offense instructions are not authorized, we find this issue is without merit.

## CONCLUSION

¶12.    We affirm the jury's conviction of Johnson for felony failing to stop a motor vehicle pursuant to the signal of a law-enforcement officer and his sentence as a habitual offender.

¶13.    **THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OF CONVICTION OF FELONY FAILING TO STOP A MOTOR VEHICLE PURSUANT TO THE SIGNAL OF A LAW-ENFORCEMENT OFFICER AND SENTENCE AS A HABITUAL OFFENDER OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, AND TO PAY A FINE OF $3,000, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR.**