# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01346-COA

**JOHNNY JEROME EDWARDS**                                                      **APPELLANT**

**v.**

**NANCY JEWEL PIERCE EDWARDS**                                           **APPELLEE**

DATE OF JUDGMENT:                08/24/2017
TRIAL JUDGE:                            HON. KENNETH M. BURNS
COURT FROM WHICH APPEALED:   LOWNDES COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:      DAVID S. VAN EVERY SR.
ATTORNEY FOR APPELLEE:       NANCY JEWEL PIERCE EDWARDS (PRO SE)
NATURE OF THE CASE:             CIVIL - DOMESTIC RELATIONS
DISPOSITION:                        REVERSED AND REMANDED - 02/12/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Johnny and Nancy Edwards were divorced on December 23, 2013.  The Lowndes County Chancery Court awarded Johnny the marital home, and he was to refinance the mortgage within ninety days of the judgment to free Nancy from any mortgage-debt obligation.  If unable to refinance within the ninety days, Johnny was to sell the marital home, and he was to receive the equity from the sale.  Johnny appealed the decision, which was affirmed by this Court in *Edwards v. Edwards*, 189 So. 3d 1284 (Miss. Ct. App. 2016). The only issue raised in that appeal, however, was the court's findings regarding the award of child custody.

¶2.     While the appeal was pending, Nancy filed a petition for contempt and to modify the

former opinion. She claimed Johnny had refused to sell the marital home per the court's order and had defaulted on mortgage payments, "adversely affecting her credit standing."[1] Johnny filed a motion for continuance on October 26, 2015. The chancery court granted the continuance, setting a hearing for January 7, 2016, in the Oktibbeha County Chancery Court. The hearing was later continued to March 15, 2016, in the Chickasaw County Chancery Court.

¶3. One day before the March 15 hearing, Johnny's attorney moved to withdraw as counsel. After the hearing, the chancery court entered its opinion and judgment on June 3, 2016, finding Johnny in civil contempt of the court's 2013 judgment and ordering the marital home be sold within sixty days. If the house was not sold, it was to be auctioned by the Lowndes County Chancery Clerk. Johnny was ordered to appear before the chancery court on September 20, 2016, for a compliance hearing. Johnny filed a Mississippi Rule of Civil Procedure 59 motion to alter or amend the court's contempt order, arguing that Nancy's own actions—not conveying the quitclaim deed until 2014—had prevented Johnny from complying with the court's order. The chancery court denied the motion.

¶4. A fiat was filed on March 22, 2017, setting a review hearing for April 11 in the "Oktibbeha County Courthouse/Chancery Building in Starkville, Mississippi." On April 11, 2017, another fiat was entered, re-setting the hearing for May 15, 2017, at 9:00 a.m. in the "Oktibbeha County Courthouse/Chancery Building in Starkville, Mississippi." The fiats did

---

[1] Nancy conveyed a quitclaim deed on August 27, 2014, to Johnny. However, Johnny only executed a "partial claim mortgage" through HUD in January 2015, assigning the original deed of trust to PennyMac Loan Services. Nancy remained liable for the original debt.

not reference Johnny or his attorney but simply stated: "Process in accordance with this [f]iat shall issue for the Respondent." A Mississippi Rule of Civil Procedure 81 summons was issued to Johnny Jerome Edward (not Edwards) on April 11, requesting that he "appear and defend against said complaint or petition at 9:00 O'clock A.M. on the 15th day of May, A.D., 2017, in the courtroom of the Oktibbeha County Courthouse at Columbus, Mississippi." The proof of service of summons indicated that the summons was delivered to Hazel Harris, Johnny's "daughter," on April 19, 2017, at his place of residence and later mailed to the residence on April 27.

¶5. On May 15, the hearing was continued by the chancery court until June 19, 2017, in the Lowndes County Courthouse in Columbus. Neither Johnny nor his attorney appeared. In its judgment dated August 24, 2017, the chancery court found Johnny in contempt of the court's prior order. The court ordered Johnny to vacate the marital residence within thirty days of the judgment, and the home was to be sold at a public auction to satisfy the existing debt. The chancery court noted that only Nancy and her attorney were present at the June 19 hearing, and Johnny, "after being appropriately served with service of process of this [c]ourt, failed to appear or provide representation."

¶6. Appealing the judgment, Johnny contends that the summons for the May 15, 2017 hearing was defective under Rule 81 and service of process was improper under Rule 4(d)(1)(B) of the Mississippi Rules of Civil Procedure. As a result of the failure to provide him proper notice of the hearing, Johnny argues that he was denied due process and that the court's judgment is void. Finding merit to Johnny's claim regarding the defective summons,

3

we reverse and remand the judgment for further proceedings.

## STANDARD OF REVIEW

¶7.    We will not disturb a chancery court's fact-finding "unless the [court's] decision is manifestly wrong or unsupported by substantial evidence." *Clark v. Clark*, 43 So. 3d 496, 499 (¶9) (Miss. Ct. App. 2010) (quoting *Bougard v. Bougard*, 991 So. 2d 646, 648 (¶12) (Miss. Ct. App. 2008)).  Questions concerning jurisdiction, however, are reviewed de novo. *Id*. (citing *Sanghi v. Sanghi*, 759 So. 2d 1250, 1252 (¶7) (Miss. Ct. App. 2000)).

## DISCUSSION

¶8.    Nancy has failed to file an appellee's brief, which is "tantamount to confession of the errors alleged by the appellant" unless the Court "can say with confidence that the case should be affirmed." *See Carlson v. City of Ridgeland*, 131 So. 3d 1220, 1222 (¶7) (Miss. Ct. App. 2013).  In this case, we cannot say with confidence that the judgment should be affirmed.

¶9.    The first assignment of error raised on appeal is that the summons was defective.  As noted, the summons directed Johnny to appear on May 15, 2017, at the "Oktibbeha County Courthouse at *Columbus, Mississippi*."  (Emphasis added).  The Oktibbeha County Courthouse is in Starkville, Mississippi, not Columbus.  Columbus is located in Lowndes County.  "[A] court may take judicial notice that a city is in a particular county." *Russell v. State*, 126 So. 3d 145, 148 (¶8) (Miss. Ct. App. 2013).  The record also indicates that the chancery court conducted hearings in various counties throughout its district, including Oktibbeha, Lowndes, and Chickasaw.

4

¶10.   Rule 81 mandates that in certain actions, such as contempt, "special notice be served on a respondent for a hearing with a date, time[,] and place specified." *Bailey v. Fischer*, 946 So. 2d 404, 406 (¶7) (Miss. Ct. App. 2006); *see also Sanghi*, 759 So. 2d at 1256 (¶28) (The only required information for a summons under Rule 81 "is that a party is to be told the time and place for the hearing and that no answer is needed."). In *Caples v. Caples*, 686 So. 2d 1071, 1074 (Miss. 1996), the Mississippi Supreme Court found notice issued to a respondent was defective and "inconsistent with Rule 81," even though the respondent made an initial appearance, because the notice did not contain the time and place of the hearing and required a written response to the complaint.

¶11.   In this instance, the Rule 81 summons failed to specify the correct place for the hearing.[2] Reviewing the notice, Johnny would not have known whether to appear at the *Oktibbeha County Courthouse* in Starkville or the Lowndes County Courthouse in *Columbus*. Therefore, finding the notice was defective under Rule 81, we reverse the judgment and remand for further proceedings.

¶12.   Johnny further claims that service of process was defective because the process server failed to leave the summons with him or a relative at his usual place of abode.[3] The record

---

[2] As noted, the May 15 hearing was continued and set for June 19 in the Lowndes County Courthouse in Columbus. Under Rule 81(d)(5), the chancery court may continue an action on the day set for hearing "without additional summons on the defendant or respondent." The record in this case does not evidence that additional summons was issued for the continued hearing.

[3] Rule 4(d)(1)(B) provides that if service of a summons by the sheriff or process server "cannot be made with reasonable diligence" upon the individual or his appointed agent, service can be made "by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the

5

indicates that service for Johnny was received by Harris, Johnny's "daughter," on April 19, 2017. Johnny contends that he has no daughter and requests that this Court presume that the person served was his girlfriend. However, all we can confirm from the record is that Johnny and Nancy have three minor sons. While the record does not mention a daughter, we cannot, from the record, adopt Johnny's contention. However, based on our finding that the summons was defective, this issue is moot.

¶13. As the summons was defective and failed to comply with Rule 81, we reverse and remand for further proceedings.

¶14. **REVERSED AND REMANDED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**

---

defendant's family above the age of sixteen years who is willing to receive service[.]"