# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KM-00581-COA

**IN THE INTEREST OF M.B., A MINOR**                      **APPELLANT**

**v.**

**YOUTH COURT OF CALHOUN COUNTY,**              **APPELLEE**
**MISSISSIPPI**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/28/2018 |
| TRIAL JUDGE: | HON. PAUL M. MOORE JR. |
| COURT FROM WHICH APPEALED: | CALHOUN COUNTY YOUTH COURT |
| ATTORNEYS FOR APPELLANT: | ALEXANDER J. SIMPSON III |
| | JAMES O. FORD |
| ATTORNEY FOR APPELLEE: | TINA SCOTT |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | REVERSED, VACATED AND REMANDED - 01/14/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. On October 23, 2017, the Calhoun City Police Department charged M.B.,[1] a minor, with malicious mischief in violation of Mississippi Code Annotated section 97-17-67 (Rev. 2014). Following an investigation, the Calhoun County Youth Court Intake Unit filed an "Intake Order" on November 7, 2017, referring M.B. to the Calhoun County Youth Court for formal proceedings. Count I of the State's formal petition, filed on November 8, 2017, alleged that M.B. engaged in malicious mischief in violation of Mississippi Code section 97-

---

[1] We use initials in this case to protect identities.

17-67(3). After three continuances, an adjudication hearing was held on February 21, 2018. At the hearing, M.B. denied the petition's allegations; however, after hearing the evidence, the court adjudicated M.B. to be a delinquent child for committing the act alleged in Count I of the petition. On February 28, 2018, the court entered an "Adjudication (FEH) Order" and a "Disposition Order," reflecting the case disposition. On March 2, 2018, M.B. filed a "Motion for Rehearing," which the court denied after a hearing on the matter; an order reflecting the denial was entered on March 21, 2018. Aggrieved, M.B now appeals, and finding error, we reverse, vacate, and remand.

## FACTS AND PROCEDURAL HISTORY

¶2.    On or about October 6, 2017, Calhoun City Police Department personnel responded to a complaint of vandalism at Calhoun City High School. The police report indicates that three vehicles and several doors and walls on the facility's exterior had been spray-painted. Following a brief investigation by law enforcement, a October 23, 2017 "Youth Court Offense Report" alleged M.B., a minor, engaged in malicious mischief in violation of Mississippi Code Annotated section 97-17-67. The Calhoun City Youth Court Intake Unit filed an "Intake Order" for M.B. on November 7, 2017. The State's November 8, 2017 petition formally charged M.B. with malicious mischief in violation of Mississippi Code section 97-17-67(3). The matter was set for hearing and continued on three occasions. The adjudication hearing finally commenced on February 21, 2018.

¶3.    At M.B.'s hearing, the State relied heavily on footage of the vandalism captured by the school's security surveillance equipment. Because the subject wore a hooded sweatshirt

2

that obstructed the camera's view of his or her face, none of the witnesses could provide a facial identification. Mr. Mike Ray, the school's principal, testified that students had identified M.B. as the individual in the video. An unidentified student submitted what was believed to be a social-media image of M.B. pictured in a sweatshirt and Nike "slides" (i.e., shoes) similar to those worn by the subject in the surveillance footage; Ray was admittedly uncertain of the photograph's origin. On cross-examination, Mr. Ray testified that M.B. was one of many students who wore Nike slides. The information was turned over to the police department, and the school conducted no further investigation.

¶4. Sergeant Latana Williams and Chief Tito Lopez, both of the Calhoun City Police Department, testified regarding the police investigation. Williams and Lopez testified that M.B. and his mother reported that the minor could not have been involved because he was at home asleep at the time of incident. When Williams questioned M.B. about the incriminating clothing, M.B. claimed that he had loaned the sweatshirt to a friend and that the friend was actually responsible for the vandalism. Williams stated that M.B. did not provide a name for the friend. M.B. merely gave Williams information suggesting that the individual had previously attended Calhoun City High School and was sent to a school in Grenada County. Lopez testified that M.B. later identified the friend as T.W. and that no further investigation was conducted.

¶5. During his testimony, M.B. denied Lopez's account regarding T.W. and claimed the sweatshirt in question was loaned to his friend M.Y., who also testified and corroborated M.B.'s story that he (M.Y.) had indeed borrowed the sweatshirt. M.B. testified that after

3

speaking with Sergeant Williams, he heard that another individual J.D., also a schoolmate of his, was responsible for the vandalism. M.B. claims that he relayed information regarding J.D.'s alleged involvement to Chief Lopez. Neither the sweatshirt nor slides were ever introduced into evidence at the hearing.

¶6. Witness affidavits placing M.B. at a local Dollar General store on the evening of the incident were also introduced as evidence. The State purported that M.B. got the spray-paint used in the commission of the crime from the store.

¶7. At the conclusion of the evidence, the court determined by a "preponderance of the evidence" that M. B. was responsible for the incident and adjudicated him a delinquent child in the "Adjudication (FEH) Order" entered on February 28, 2018. The court placed M.B. on probation and ordered the payment of restitution, totaling $3,152.85; the disposition was reflected in the court's "Disposition Order" also entered on February 28. On March 2, 2018, M.B. filed a motion for rehearing, which after a hearing on its merits, was denied in the court's order entered on March 21, 2018. It is from that order that M.B. now appeals pursuant to Mississippi Code Annotated section 43-21-651(1) (Rev. 2015). On appeal, M.B. alleges that the youth court applied an erroneous legal standard to adjudicate him as a delinquent.

**STANDARD OF REVIEW**

¶8. The appellate review of youth court cases is limited. "We consider all the evidence presented to the youth court in the light most favorable to the State." *In re LCA*, 938 So. 2d 300, 303 (¶6) (Miss. Ct. App. 2006). "If the evidence is such that, beyond a reasonable

4

doubt, reasonable men could not have reached the youth court's conclusion, we must reverse." *Id.* The Court reviews questions of law de novo. *In re J.P.*, 151 So. 3d 204, 208 (¶9) (Miss. 2014).

## DISCUSSION

¶9. Before addressing the issues presented by M.B., we first note that the State failed to file an appellee brief. Generally, we treat such failure as tantamount to a confession of error, but we will not automatically reverse judgments that clearly should be affirmed. *Carlson v. City of Ridgeland*, 131 So. 3d 1220, 1222 (¶7) (Miss. Ct. App. 2013). Accordingly, we briefly explain the propriety for reversal here.

¶10. In his sole assignment of error, M.B. argues that the Youth Court erred by applying the wrong standard of proof—"preponderance of the evidence"—to adjudicate M.B. as a delinquent child. At a post-trial hearing on M.B.'s request for reconsideration, his counsel brought to the court's attention that the court applied the wrong standard of proof.

¶11. M.B.'s counsel cited Mississippi Code Annotated section 43-21-561(1) (Supp. 2016), which states the proper standard for a delinquency adjudication. In pertinent part, the statute provides that "[i]f the youth court finds on *proof beyond a reasonable doubt* that a child is a delinquent child or a child in need of supervision, the youth court shall enter an order adjudicating the child to be a delinquent child or a child in need of supervision." (Emphasis added).

¶12. While making his ruling at the conclusion of M.B.'s evidentiary hearing, the judge stated that "[this] is a civil court. It's not a criminal court. I would have a problem, but this

5

is a civil court as such. Youth court is nothing more than a civil court. Therefore, I've got to go by the *preponderance of the evidence*, not anything else." (Emphasis added). The standard applied by the youth court is in blatant contradiction with the applicable statute.

¶13. We find the youth court's application of an incorrect legal standard to be dispositive of the current appeal. Therefore, we decline to reach the merits of the remaining issues raised by M.B. Because the youth court committed legal error by applying the incorrect evidentiary standard, we cannot say with confidence that this case should be affirmed. Accordingly, we reverse and vacate the youth court's order adjudicating M.B. as a delinquent child and any corresponding requirement to pay restitution. This matter is hereby remanded for proceedings consistent with this opinion.

¶14. **REVERSED, VACATED AND REMANDED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**